IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LOUIS JOHNSON,                  :
                                :
    Plaintiff                   :
                                :   CIVIL NO. 1:CV-01-0716
vs.                             :
                                :   (Judge Caldwell)
RICHARD J. MANNING,             :
                                :
    Defendant                   :

M E M O R A N D U M

## I. Introduction

Louis Johnson, an inmate formerly housed at the York Community Corrections Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds in forma pauperis in this matter. The defendant in this action is Richard J. Manning, of the York Community Corrections Center. For the reasons set forth below, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Johnson is currently incarcerated at SCI-Houtzdale.

[2] Section 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

II. Background

In his complaint Johnson contends that while housed at the York Community Corrections Center he was gainfully employed and his paychecks were deposited into his resident account at the center. When Johnson was removed from the center for a rules infraction and returned to SCI-Houtzdale, "Mr. Manning turned all of the money I had in my account ($715.20) over to the Lancaster County Treasurer for payment of fines, costs, and restitution." (Doc. 1). Johnson believes that the Director Manning's alleged unauthorized surrender of these funds violated his due process and equal protection rights. Based on the foregoing allegations, Johnson seeks compensatory and punitive damages.

III. Discussion

In order to state an actionable claim under Section 1983, the plaintiff must allege that some person has deprived him or her of a federal right, and that the person who caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988). A prerequisite for a viable civil rights claim is that a defendant participated in, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990).

In the instant action, Johnson contends that the Defendant, without his consent, withdrew $715.20 from his account for the payment of fines, costs and restitution. He appears to argue that

this violates his right to due process under the Fourteenth Amendment to the United States Constitution. Johnson does have a property interest in the funds in his prison or resident account. However, even assuming that the facts as alleged by Johnson are true, the unauthorized tender of the funds by a state actor does not constitute a denial of the procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pennsylvania tort law offers a remedy for a prison official's unlawful deprivation of an inmate's property. See 42 Pa. Cons. Stat. Ann. § 8522(b); Payton v. Horn, 49 F. Supp.2d 791, 795 (E.D. Pa. 1999); Acosta v. McGrady, No. CIV.A. 96-2874, 1999 WL 158471, *6 (E.D. Pa. March 22, 1999); Smith v. Luciani, Nos. CIV.A. 97-3037, CIV.A. 97-3613, 1998 WL 151803, *5 (E.D. Pa. March 31, 1998); Austin v. Lehman, 893 F.Supp. 448, 454 (E.D. Pa. 1995); Gilmore v. Jeffes, 675 F. Supp. 219, 221 (M.D. Pa. 1987). Therefore, since Johnson appears to have a state remedy for his property claim by way of a lawsuit in state court, a § 1983 action on this basis is inappropriate.

With respect to Johnson's claim that Director Manning's actions somehow violated his equal protection rights under the Fourteenth Amendment, the Court of Appeals for the Third Circuit has recognized that a plaintiff in order to establish a viable equal protection violation must show an intentional or purposeful discrimination. Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir.

1985), cert denied, 475 U.S. 1096 (1986). There is absolutely no suggestion that Plaintiff was singled out from his peers for differential treatment by Director Manning, and Plaintiff's equal protection claim is thus without merit. See Mazzanti v. Bogan, 866 F.Supp. 1029, 1033 (E.D.Mich.1994) (rejecting equal protection claim of prisoner who forfeited statutory good time with drug-positive urine sample where prisoner could not demonstrate either that fellow prisoners with drug-positive samples were treated any more severely or that he was otherwise singled out for sanction). Therefore, based on this court's review of the complaint, it is clear that plaintiff's vague, conclusory, equal protection claim is subject to dismissal because he has failed to allege any deliberate discriminatory act.

Consequently, pursuant to the above standards, his wholly unsupported claims can not proceed. Accordingly, the complaint will be dismissed as it fails to state a claim upon which relief can be granted.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

Date: July 18, 2001

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LOUIS JOHNSON,

    Plaintiff

vs.

RICHARD J. MANNING,

    Defendant

CIVIL NO. 1:CV-01-0716

(Judge Caldwell)

## O R D E R

AND NOW, this 18th day of July, 2001, in accordance with the accompanying Memorandum, it is ordered that:

    1. The complaint (doc. 1) is dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

    2. The Clerk of Court is directed to close this case.

    3. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

*(signature)*
WILLIAM W. CALDWELL
United States District Judge

---

[1] The dismissal of this action does not relieve Johnson of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order, issued April 25, 2001, is binding on the Superintendent of SCI-Houtzdale and the warden or superintendent of any correctional facility to which Johnson may be transferred.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 18, 2001

Re:  1:01-cv-00716    Johnson v. Manning

True and correct copies of the attached were mailed by the clerk to the following:

Louis Johnson
SCI-HOUTZDALE
CX-0335
P.O.Box 1000
Houtzdale, PA  16698-1000

```
cc:
Judge                           (✓)        (✓) Pro Se Law Clerk
Magistrate Judge                ( )        ( ) INS
U.S. Marshal                    ( )        ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   (✓)
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen  ( )    PA Atty Gen ( )
                                         DA of County ( )    Respondents ( )
Bankruptcy Court                ( )
Other_____        ( )
```

MARY E. D'ANDREA, Clerk

DATE:  7/18/01                                BY: _____
                                                  Deputy Clerk